## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ANGEL D. BAILEY

    **Plaintiff,**

    **v.**

SHEPHERD OUTSOURCING, LLC, et al.

    **Defendants.**

Civil No.: MJM-25-cv-2728

## MEMORANDUM OPINION AND ORDER

Self-represented Plaintiff Angel D. Bailey ("Plaintiff") commenced this civil action against Defendants Shepherd Outsourcing, LLC ("Shepherd Outsourcing") and Jefferson Capital ("JCAP"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and Telephone Consumer Protection Act ("TCPA").

Currently pending before this Court are three motions: Plaintiff's motion to remand (ECF No. 5); Plaintiff's motion to strike (ECF No. 13); and Plaintiff's motion for summary judgment (ECF No. 14). JCAP opposes both Plaintiff's motion to remand (ECF No. 11) and motion to strike (ECF No. 15), and both JCAP and Shepherd Outsourcing oppose Plaintiff's motion for summary judgment (ECF Nos. 15, 17). All three motions are fully briefed, and the Court finds a hearing to be unnecessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons stated herein, the Court shall deny the three pending motions.

### I.    BACKGROUND

#### A.  Factual Background

Plaintiff alleges the following facts in her Complaint and attachment. ECF No. 3 ("Compl."); ECF No. 3-1.

1

Between September 19, 2024, and October 28, 2024,[1] Plaintiff, a resident of Baltimore, Maryland, received six "unsolicited and erroneous text messages" from Shepherd Outsourcing, a South Carolina-based debt collection company. Compl. ¶ 1; ECF No. 3-1 at 1–3. These messages referred to a debt Plaintiff says she does not owe. *Id.* The messages did not specify the amount of the debt but indicated that the debt was connected to a Sprint account. ECF No. 3-1 at 1–3. In the messages, Shepherd Outsourcing, identifying itself as a debt collector, claimed to act on behalf of JCAP, which it identified as the "current creditor." *Id.*; Compl. ¶¶ 2, 4. Shepherd Outsourcing addressed the first of the messages to "Angela," while the other five messages did not include a name. ECF No. 3-1 at 1–3.

In response, Plaintiff filed a complaint with the Consumer Financial Protection Bureau ("CFPB") on October 31, 2024. Compl. ¶ 5; ECF No. 3-1 at 4–5, 7–8. In this complaint, Plaintiff notified the CFPB that the text messages she received must have been intended for her sister, Angela D. Bailey, whose name is similar to Plaintiff's name, Angel D. Bailey. ECF No. 3-1 at 4, 7. She also stated that the text messages caused her "undue stress and confusion" and constituted violations under the FDCPA and TCPA for which she sought monetary relief. *Id.* at 5, 8.

Shepherd Outsourcing and JCAP responded to Plaintiff's CFPB complaint on November 11, 2024, and November 15, 2024, respectively. *Id.* at 6, 9. In response, both companies notified Plaintiff that they had removed her number from their systems and placed her on a "Do Not Call/Text" list. *Id.* Plaintiff acknowledged both JCAP and Shepherd Outsourcing's responses and, in doing so, reasserted her request for monetary relief. *Id.* at 11–15. Shepherd Outsourcing did not respond to Plaintiff, but JCAP responded through counsel on December 24, 2024. JCAP reiterated

---

[1] Plaintiff has submitted screenshots of the messages bearing the dates September 19, September 27, October 5, October 14, and October 21, 2024, for the first five messages. ECF No 3-1 at 1–3. The last message does not display a specific date, only displaying "Monday." *Id.* The Court infers that the date of the last message would be either Monday, October 21, 2024, or Monday, October 28, 2024.

that Plaintiff only ever received text messages from Shepherd Outsourcing on behalf of JCAP because of a mix-up between Plaintiff's name and her sister's, that JCAP had closed her account as well as her sister's, and that JCAP had placed Plaintiff's number on a permanent do not call list. *Id.* at 16.

### B. Procedural Background

On July 16, 2025, Plaintiff filed the instant civil action against JCAP and Shepherd Outsourcing in the District Court of Maryland for Baltimore City. Count I of the Complaint alleges violations of the FDCPA. *Id.* ¶¶ 7–8. Count II alleges violations of the TCPA. *Id.* ¶¶ 9–10. Count III asserts a claim for actual damages for "Time, Stress, and Inconvenience" based on the FDCPA and TCPA violations. *Id.* ¶¶ 11–12.

On August 19, 2025, JCAP, with the consent of Shepherd Outsourcing, timely removed the action to this Court. ECF No. 1 ("Not. of Removal"), ¶¶ 2, 5–7. Plaintiff filed a motion to remand that same day. ECF No. 5. On September 2, 2025, JCAP filed a response in opposition to Plaintiff's motion to remand. ECF No. 11. In addition, each defendant filed an answer and affirmative defenses to the Complaint. ECF Nos. 7 & 9. Plaintiff filed a reply to Shepherd Outsourcing's Affirmative Defenses. ECF No. 10. On September 2, 2025, JCAP filed a notice of compliance with Amended Standing Order 2021-13 and Local Rule 103.5. ECF No. 12.

On September 12, 2025, Plaintiff filed a motion to strike for failure of service JCAP's Answer (ECF No. 9), JCAP's opposition to the motion to remand (ECF No. 11), and JCAP's Local Rule 103.5 statement (ECF No. 12). ECF No. 13. That same day Plaintiff also filed a motion for summary judgment. ECF No. 14. On September 18, 2025, JCAP filed a response in opposition to both Plaintiff's motion to strike and motion for summary judgment, ECF No. 15, and Plaintiff filed a reply, ECF No. 16. On September 25, 2025, Shepherd Outsourcing filed a response in opposition

to Plaintiff's motion for summary judgment, ECF No. 17, and Plaintiff filed a reply the following day, ECF No. 18.

## II.    DISCUSSION

For the reasons stated below, this Court denies all three of Plaintiff's motions.

### A.  Motion to Strike

Plaintiff moves to strike three of JCAP's filings for failure of service: its Answer, its opposition to Plaintiff's motion to remand, and its Local Rule 103.5 statement. ECF No. 13 at 3. She alleges that although she consented to electronic service and receipt of filings by email, JCAP never effected proper service of these filings upon her. *Id.* at 1. Plaintiff argues that JCAP's failure of service deprived her of "notice and due process" and denied her a "meaningful opportunity to respond within the time permitted by the rules." *Id.* at 2. In the alternative, if this Court does not strike the three challenged filings, Plaintiff seeks an extension of time to respond "until proper service has been made and confirmed." *Id.* Plaintiff also requests that the Court direct JCAP to serve all future filings either by mail or with "verifiable transmission (such as confirmation receipts)." *Id.*

JCAP opposes Plaintiff's motion to strike, asserting that it is frivolous. ECF No. 15 at 1. JCAP contends that Plaintiff clearly received the challenged filings, given that (1) she consented to electronic service; (2) all of JCAP's filings contain a certificate of service noting electronic filing; (3) all of the filing notices contain a confirmation that they were electronically mailed to the email address where Plaintiff agreed to electronic service; and (4) Plaintiff has made the challenged filings "the subject of her Motion to Strike." *Id.* at 1–2.

In her reply to JCAP's opposition, Plaintiff argues that, although she received notice of docket entries with titles of related filings, "receiving a docket title is not the same as receiving the

filing itself." *Id.* at 1. Plaintiff also argues that, because she received an email from JCAP attaching its opposition to Plaintiff's motion to strike and motion for summary judgment, JCAP's change in practice shows that its prior filings—for which she received only docket notices—were not properly served. *Id.*

Motions to strike serve the purpose of "strik[ing] from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Here, Plaintiff does not seek to strike "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id.* Instead, she requests striking multiple documents as a remedy for what she perceives to be a service error by JCAP. Plaintiff's motion is denied.

Plaintiff does not dispute that she consented to electronic service.[2] ECF No. 13 at 1; ECF No. 15 at 1. Rather, Plaintiff alleges that JCAP failed to meet the requirements of Federal Rule of Civil Procedure 5(b)(2)(E) because she only received notice of the docket entry, not the filing itself. ECF No. 16 at 1. Yet Rule 5(b)(2)(E) deems electronic service to be proper upon "filing . . . with the court's electronic system" and is only ineffective "if the filer or sender learns that [the filing] did not reach the person to be served." Fed. R. Civ. P. 5(b)(2)(E). Plaintiff's admission that she received "notice" when JCAP's filings were docketed, coupled with her responses to said filings, undermines her argument that she was denied "notice" and a "meaningful opportunity to respond." ECF No. 13 at 2.

Further, in consenting to electronic service, Plaintiff affirmed her understanding of the Administrative Procedures governing the Court's Electronic Document Submission System ("EDSS") and agreement to comply with its terms and conditions. *See Electronic Document Submission System (EDSS)*, U.S. Dist. Ct. for the Dist. of Md.,

---

[2] At no point does Plaintiff indicate that she had issues receiving electronic service from Shepherd Outsourcing, who also confirmed that they served Plaintiff electronically. *See* ECF No. 9 at 4; ECF No. 13.

https://www.mdd.uscourts.gov/content/electronic-document-submission-system-edss

[https://perma.cc/7DVH-M9NP] (last visited Mar. 26, 2026). Section III.C of the Administrative

Procedures provides that "self-represented litigants consent to receive notices of electronic filing

by email transmission to the email address provided[,]" and that "[s]uch notice shall constitute

service of all items required to be served under Fed. R. Civ. P. 5(a) and 77(d)." *See* U.S. Dist. Ct.

for the Dist. of Md., *Electronic Document Submission System Administrative Procedures* (Apr.

2022),                https://www.mdd.uscourts.gov/sites/mdd/files/EDSS-AdminProcedures.pdf

[https://perma.cc/G2Z4-MR53]. Section III.D provides that "[t]he notice of electronic filing

constitutes a certificate of service as to all parties to whom electronic notice is sent." *Id.* Plaintiff

acknowledges she received electronic notices for each of the filings challenged in her motion to

strike, and she has agreed that these notices satisfied the service requirements of Rule 5(a).

In sum, Plaintiff's motion to strike has no merit and is denied. Plaintiff's alternative request

for an extension of time to file replies to JCAP's filings, *see* ECF No. 13 at 2, is likewise denied.

Her deadline has long passed, and an extension of time is not supported by any showing of good

cause or excusable neglect. *See* Fed. R. Civ. P. 6(b)(1).

### B.  Motion to Remand

Plaintiff moves to remand this civil action to the District Court of Maryland for Baltimore

City.[3] ECF No. 5. Plaintiff states that JCAP erred when it referenced a Fair Credit Reporting Act

("FCRA") claim in its Notice of Removal because she raised no such claim. *Id.* at 1. Plaintiff avers

that because she alleged only FDCPA and TCPA violations, which are "regularly adjudicated in

state court," she asserted "no legitimate federal question requiring adjudication in this court." *Id.*

at 1–2. JCAP opposes the motion to remand, calling it "dispositive of itself" and arguing that this

---

[3] Plaintiff stylized her motion as a "Response to Defendant's Notice of Removal and Motion to Remand," which the Court construes as a motion to remand.

Court has original jurisdiction over the claims Plaintiff asserts under the FDCPA and TCPA, both federal statutes. ECF No. 11 at 1. While conceding "inadvertent reference" to the FCRA in its Notice of Removal, JCAP maintains that the reference was a "non-prejudicial scrivener's error" that does not bear on the Court's "original, federal question jurisdiction" over Plaintiff's claims. *Id.* at 1–2.

When a plaintiff files a civil action in state court, a defendant may remove the action to "the district court of the United States for the district and division embracing the place where such action is pending[,]" if the federal district courts have "original jurisdiction" over the matter. 28 U.S.C. § 1441. The "party seeking removal" bears the burden of showing "by a preponderance of evidence the facts necessary to establish the court's jurisdiction" over the removed action. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).

"After an action has been removed, a party may file a motion to remand the case to the state court based on lack of subject matter jurisdiction or a defect in the removal proceedings." *Thomas v. Maryland*, No. 24-1837, 2024 WL 5102862, at *1 (4th Cir. 2024) (citing 28 U.S.C. § 1447(c)). "[A] district court must remand any case in which it lacks subject matter jurisdiction." *Byrd v. Deveaux*, Civ. No. DKC-17-3251, 2018 WL 305838, at *1 (D. Md. Jan. 5, 2018) (citing 28 U.S.C. § 1447(c) and *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006)). "On a motion to remand, a court must strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court." *Rice v. Mayor of Balt.*, Civ. No. RDB-15-3396, 2016 WL 1696536, at *4 (D. Md. Apr. 28, 2016) (citation modified); *see also Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 225, 260 (4th Cir. 2005) ("If federal jurisdiction is doubtful, a remand is necessary.") (citation omitted). But, at the same time, the court is "obliged to carefully scrutinize

challenges to jurisdictional authority, and must do more than simply point jurisdictional traffic in the direction of state courts." *Rice*, 2016 WL 1696536, at *4.

Plaintiff does not dispute that JCAP's removal was timely and that Shepherd Outsourcing consented to removal.[4] *See* 28 U.S.C. § 1446(b)(1), (b)(2)(A). Because diversity jurisdiction does not apply here,[5] whether the action should be remanded depends upon whether this Court has "original, federal question jurisdiction over Plaintiff's TCPA and FDCPA claims[,]" as JCAP asserts in the Notice of Removal. ECF No. 1, ¶ 5.

Federal question jurisdiction applies to "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (citation omitted). To determine whether a case presents a federal question, the Court must "first discern whether federal or state law creates the cause of action. . . . In cases where federal law *creates* the cause of action, the courts of the United States unquestionably have federal subject matter jurisdiction." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (emphasis in original) (quoting *Mulcahey*, 29 F.3d at 151); *Gunn v. Minton*, 568 U.S. 251, 257 (2013).

JCAP is correct that, in asserting claims under the FDCPA, 16 U.S.C. § 1681 *et seq.*, and TCPA, 47 U.S.C. § 227, Plaintiff has presented federal causes of action on the "face of [her]

---

[4] Plaintiff effected service of process upon JCAP on July 23, 2025. Not. of Removal ¶ 7. JCAP timely filed its Notice of Removal on August 19, 2025, noting Shepard Outsourcing's consent. *Id.*; *see also* 28 U.S.C. § 1446(b)(1) (requiring notices of removal to be filed within 30 days of service of the initial pleading); *id.* § 1446(b)(2)(A) (requiring all properly joined defendants to join or consent to removal when a civil action is removed based solely on federal question jurisdiction).

[5] The Court lacks diversity jurisdiction because the total amount in controversy is only $13,000. *See* 28 U.S.C. § 1332(a) (requiring an amount in controversy that exceeds $75,000).

Complaint[,]" *Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936), which "unquestionably" support federal question jurisdiction, *Dixon*, 369 F.3d at 816. Although, as Plaintiff correctly notes, state courts *can* adjudicate FDCPA and TCPA claims, their power to do so does not extinguish the original jurisdiction of federal district courts. *See Mims v. Arrow Fin. Servs., LLC.*, 565 U.S. 368, 372 (2012); *Sprye v. Ace Motor Acceptance Corp.*, Civ. No. PX-16-2064, 2017 WL 1684619, at *4 (D. Md. May 3, 2017) (citing *Lee v. Wells Fargo Home Mortg.*, Civ. No. 3:13-00034, 2013 WL 5797375, at *3 (W.D. Va. Oct. 28, 2013) ("Since *Mims*, courts in this Circuit have recognized that a claim that a defendant violated the TCPA is a proper ground for removal.")); *Hill v. Westminster/Westminster Mgmt., LLC.*, Civ. No. ELH-15-01895, 2015 WL 6673915, at *3 (D. Md. Oct. 29, 2015) (FDCPA claim provides an appropriate basis for removal). In sum, the Court finds that it has original, federal question jurisdiction over this matter. Plaintiff's motion to remand is denied.

### C.  Motion for Summary Judgment

Plaintiff moves for summary judgment against Defendants. ECF No. 14. She offers three exhibits in support of her motion, including a personal affidavit, JCAP's response to Plaintiff's CFPB complaint, and copies of the unauthorized text messages Plaintiff received. ECF No. 14 at 6–23 (Pl. Exs. A–C). Plaintiff argues that the defendants' acknowledgement in their respective responses to her CFPB complaint demonstrates that there is no genuine dispute of material fact regarding her FDCPA and TCPA claims. ECF No. 14 at 1, 3. Plaintiff lists the following as undisputed facts: (1) that she "never incurred or owed the debt at issue"; (2) that she "received multiple text messages [from Defendants] attempting to collect . . . debt" from her; (3) that she "disputed the debt and filed a CFPB complaint"; (4) that "[i]n its CFPB response, Jefferson Capital[] and Shepherd Outsourcing admitted that an error was made and that Plaintiff's name

would be removed"; and (5) that she "never consented to receive text messages or other communications from Defendants regarding this debt." *Id.* at 2 (emphasis removed).

Each defendant opposes the motion, arguing that summary judgment in Plaintiff's favor would be improper because the parties have not engaged in discovery. ECF No. 15 at 2–3; ECF No. 17 at 2. JCAP identifies several "legal and material factual issues" that require discovery but notes that the list it provides in its Opposition to Plaintiff's summary judgment motion is not exhaustive. ECF No. 15 at 2–3. Shepherd Outsourcing submitted a declaration from its Vice President of Compliance outlining its intent to engage in discovery, investigate Plaintiff's claims, and potentially depose Plaintiff herself, further arguing that being deprived of the opportunity to take such steps would be prejudicial. ECF No. 17-1 (Def. Ex. A, Decl. of Elexis Harris).

In her reply, Plaintiff argues that Defendants' responses fail to create any genuine dispute of material fact. ECF No. 16 at 2; ECF No. 18. Plaintiff re-asserts that because she never owed a debt, received multiple collections texts from Defendants to her cell phone, and Defendants conceded their error, the record "conclusively establish[es] liability under the FDCPA and TCPA" "as a matter of law." ECF No. 16 at 2.

A court may grant a summary judgment motion under Rule 56 of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Cybernet, LLC v. David*, 954 F.3d 162, 168 (4th Cir. 2020). The movant bears the burden of showing an absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). A fact is "material" if it "might affect the outcome of the suit under the governing law[,]" and a genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A party can establish the absence or presence of a genuinely disputed fact through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

Summary judgment is improper "where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Shaw v. Foreman*, 59 F.4th 121, 128 (4th Cir. 2023) (quoting *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002). To oppose a summary judgment motion on the grounds that an opportunity for discovery is necessary, a nonmovant is generally required to file an "affidavit or declaration," pursuant to Rule 56(d), stating that "it cannot present facts essential to justify its opposition[]" to the motion the merits. Fed. R. Civ. P. 56(d); *see also Shaw*, 59 F.4th at 128. Even without such an affidavit, however, a district court may not grant summary judgment "when it otherwise has 'fair notice of . . . potential dispute[s] as to the sufficiency of the summary judgment record.'" *Id.* (citation omitted).

Shepherd Outsourcing has complied with the affidavit requirement of Rule 56(d) by filing the Declaration of Elexis Harris outlining specific needs for discovery and incorporating it by reference in its opposition brief. *See* ECF No. 17-1. Shepherd Outsourcing's compliance with the affidavit requirement counsels against pre-discovery summary judgment.

JCAP did not file a Rule 56(d) affidavit but lists in its opposition brief outstanding issues of fact that warrant discovery before summary judgment for or against any party in this matter can be properly rendered. *See* ECF No. 15. As noted above, "the non-moving party's failure to file a Rule 56(d) affidavit cannot obligate a court to issue a summary judgment ruling that is obviously

premature." *McFadden v. L&J Waste Recycling, LLC*, Civ. No. ELH-16-2744, 2017 WL 86017, at *4 (D. Md. Jan. 10, 2017). As the Fourth Circuit has noted, "[s]ummary judgment before discovery forces the non-moving party into a fencing match without a sword or mask." *McCray v. Md. Dep't of Transp.*, 741 F.3d 480, 483 (4th Cir. 2015). Granting summary judgment before discovery generally undermines the nonmoving party's assurance of an "'adequate opportunity' to present its case and 'demonstrate a genuine issue of material fact.'" *Adams Hous., LLC v. City of Salisbury*, 672 Fed. App'x 220, 222 (4th Cir. 2016) (per curiam) (quoting *U.S. Dev. Corp. v. Peoples Fed. Sav. & Loan Ass'n*, 873 F.2d 731, 735 (4th Cir. 1989)). Upon review of JCAP's opposition, the Court finds that it has "adequately informed the district court that [Plaintiff's summary judgment] motion is premature and that more discovery is necessary[.]" *Harrods*, 302 F.3d at 244–45. JCAP does more than "merely assert[] in its brief that discovery [is] necessary." *Nader v. Blair*, 549 F.3d 953, 961 (4th Cir. 2008). Its opposition "serve[s] as the functional equivalent of an affidavit [for Rule 56(d) purposes]." *Harrods*, 302 F.3d at 244–45.

The Court concludes that it would be improper to grant summary judgment against either defendant without an opportunity for the parties to engage in discovery. Plaintiff's summary judgment motion is denied as premature.

### III.    ORDER

For the reasons stated above, it is by the United States District Court for the District of Maryland hereby ORDERED that Plaintiff's motion to remand (ECF No. 5), motion to strike (ECF No. 13), and motion for summary judgment (ECF No. 14) are DENIED. The Clerk shall send a copy of this Memorandum Order to Plaintiff and counsel of record.

  3/30/26                                                    /S/
Date                                       Matthew J. Maddox
                                           United States District Judge

12